IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DION WAYNE HIPPLER,**

            Plaintiff,

    v.

**CAROLYN W. COLVIN,**
Acting Commissioner of the Social Security
Administration,

            Defendant.

**Civ. No. 6:14-cv-00853-MC**

**OPINION AND ORDER**

---

**MCSHANE, Judge:**

Plaintiff Dion Hippler filed this stipulated motion for attorney fees, ECF No. 30, in the

amount of $5,764.64 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For

the reasons set forth below, plaintiff's motion, ECF No. 30, is GRANTED.

Under the EAJA, this Court "shall award to a prevailing party other than the United

States fees and other expenses . . . incurred by that party in any civil action . . . unless [this

Court] finds that the position of the United States was substantially justified or that special

circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d

867, 870 (9th Cir. 2013). If attorney fees are appropriate, this Court must then determine whether

the amount of fees requested is reasonable. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983).

Because defendant stipulates that plaintiff is entitled to attorney and paralegal fees, this

Court's inquiry is limited to the reasonableness of plaintiff's petition. Under the EAJA, an award

1 – OPINION AND ORDER

of attorney fees is limited to $125.00 per hour "unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses." (citations omitted)). The cost-of-living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. *Id.* at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

Pursuant to these cost-of-living calculations,[1] plaintiff is awarded attorney fees at the hourly rate of $189.08 for 6.85 hours of work performed in 2014 and $189.08 for 22.9 hours of work performed in 2015. Plaintiff is also awarded paralegal fees at the hourly rate of $90 for $1.55 hours of work performed in 2014 and 2015. Accordingly, plaintiff is awarded attorney and paralegal fees in the amount of $5,764.64.[2]

IT IS SO ORDERED.

DATED this 27th day of July, 2015.

_____
**Michael J. McShane**
**United States District Judge**

---

[1] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See, e.g.,* Unites States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 27, 2015).

[2] Payment of this award shall be paid to plaintiff's attorney Alan Graf upon verification that plaintiff has no debt that qualifies for offset against awarded fees. *See Astrue v. Ratliff*, 560 U.S. 586, 589–90 (2010). If plaintiff has no such debt, then the check shall be made out to plaintiff's attorney Alan Graf and mailed to Mr. Graf at 208 Pine St., Floyd, VA 24091. If plaintiff has such debt, then the check for any remaining funds after offset of the debt shall be made out to plaintiff and mailed to plaintiff's attorney at the address stated above.

2 – OPINION AND ORDER